United States District Court
Southern District of Texas
**ENTERED**
June 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-18-691-8 |
| | § | |
| GERRETT WINN | § | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Gerrett Winn's Motion for Compassionate Release from Incarceration ("Motion") [Doc. # 510], filed pursuant to 18 U.S.C. § 3582(c)(1)(A), the "First Step Act." The United States filed its Response [Doc. # 511], opposing Defendant's request for early release from custody. Defendant filed a Reply [Doc. # 514], a Status Memorandum [Doc. # 515], and a Supplemental Status Report [Doc. # 516]. By Order [Doc. # 517] entered May 15, 2020, the Court held the Motion in abeyance until after the exhaustion requirements of the First Step Act had been satisfied. On June 9, 2020, Defendant filed a Second Status Memorandum [Doc. # 520], presenting evidence of exhaustion. Having carefully reviewed the Motion and the applicable legal authorities, the Court **denies** the Motion.

## I.  BACKGROUND

On April 4, 2019, Defendant entered a plea of guilty to one count of possessing a firearm after being convicted of a felony. *See* Rearraignment Minutes [Doc. # 197]. On December 16, 2019, Defendant was sentenced to 30 months in the custody of the Bureau of Prisons ("BOP"), a downward variance from the advisory Sentencing Guideline Range of 57-71 months in prison. *See* Judgment in a Criminal Case [Doc. # 489]; Statement of Reasons [Doc. # 490].

On March 5, 2020, Defendant began serving his sentence at FCI Oakdale 1. Defendant reports that his anticipated release date is July 29, 2021.

On April 17, 2020, the warden at the facility denied Defendant's request for early release. *See* Letter [Doc. # 520-1]. Defendant's Motion is now exhausted, has been fully briefed, and is now ripe for decision.

## II.  APPLICABLE LEGAL PRINCIPLES

A judgment of conviction "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)). One of the limited circumstances, 18 U.S.C. § 3582(c), allows a district court to modify a term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues that the threat to his health from COVID-19 while incarcerated is an

extraordinary and compelling reason to reduce his sentence and release him from custody.

Decisions about whether to deny a request for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the court's consideration of the applicable policy statement in the United States Sentencing Guidelines ("U.S.S.G.") and other factors found in 18 U.S.C. § 3553(a). *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id.*

Any reduction under 18 U.S.C. § 3582(c)(1)(A) must comply with the applicable policy statement articulated by the United States Sentencing Commission. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. Sentencing Comm'n 2018) (reflecting the applicable policy statement on reductions to a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)). The current policy statement sets forth circumstances that are considered "extraordinary and compelling reasons" for purposes of compassionate release, including the defendant's medical condition, advanced age, and family circumstances in which the defendant has become the only available caregiver for his minor child or for his incapacitated spouse or registered partner. *See* U.S. SENTENCING GUIDELINE MANUAL § 1B1.13, cmt. n. 1 (U.S.

Sentencing Comm'n 2018). Additionally, the Director of the BOP is authorized to identify other extraordinary and compelling reasons in the defendant's particular case. *See id.*

Even if "extraordinary and compelling reasons" for early release exist, the policy statement found in Sentencing Guideline § 1B1.13(2) authorizes a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." Additionally, the sentence reduction must be consistent with the applicable sentencing factors found in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

The defendant has the burden to establish that the test for compassionate release under § 3582(c)(1)(A) is satisfied. *See United States v. Soliz*, 2020 WL 2500127, *2 (S.D. Tex. May 14, 2020); *United States v. Stowe*, 2019 WL 4673725,*2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Defendant is thirty-one (31) years old, well below the age at which COVID-19 presents a higher risk of infection or of an unfavorable outcome. Defendant is in good health, with no underlying health conditions that place him at higher risk for infection or for serious complications should he become infected. Defendant asserts that his

African-American race places him at higher risk, but he has presented no evidence to support this assertion.

The BOP has implemented an action plan that is designed to reduce the risk of infection among inmates. The plan includes mitigation measure such as increased screening of inmates and staff, and quarantine logistics for inmates and staff who either test positive for infection or present a higher risk of becoming infected. The BOP is also prioritizing its statutory authority to grant home confinement in appropriate circumstances after the BOP Medical Director makes an assessment of inmates' risk factors and other criteria.

Defendant is not at a heightened risk, either because of his age or any underlying health conditions. He has presented no evidence that African-Americans have a higher risk of a negative outcome should they become infected. He has neither tested positive nor displayed any symptoms of infection. Fundamentally, Defendant seeks compassionate release because other individuals have become infected, and he is concerned about becoming infected also. That fear, similar to what is currently experienced by a large number of individuals in society in general, is not an extraordinary and compelling circumstance that would warrant Defendant's early release from his custodial sentence.

## IV. CONCLUSION AND ORDER

Defendant is thirty-one (31) years old, and has no underlying health conditions that increase his risk from COVID-19. Defendant has not shown extraordinary and compelling reasons that would justify his early release from custody. As a result, it is hereby

**ORDERED** that Defendant Winn's Motion for Compassionate Release from Incarceration [Doc. # 510] is **DENIED**.

SIGNED at Houston, Texas this 10th day of **June, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE